UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LIV WORLDWIDE,

Plaintiff,

v.

THOITS LAW,

Defendant.

Case No. 26-cv-06866-BLF

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE**

Defendant previously represented Plaintiff in a copyright action. The legal services contract governing that arrangement had an arbitration clause. Plaintiff sued for malpractice. Before the Court is Defendant's motion to compel arbitration and to stay the case. *See* ECF Nos. 36 ("Mot."), 37 ("Opp."), 38 ("Reply"). Because this matter is suitable for disposition without oral argument, the hearing scheduled for December 3, 2026, is VACATED. *See* Civ. L.R. 7-1(b).

Defendant argues that (1) a valid arbitration agreement exists between the parties; (2) the arbitration clause encompasses the malpractice claims; and (3) accordingly, compelling arbitration staying this case is proper. *See* Mot. at 4–6. Plaintiff counters that (1) the ***California*** Arbitration Act (CAA) governs, not the Federal Arbitration Act (FAA); (2) the CAA differs from the FAA in that it, among other things, provides avenues for judicial review; (3) Defendant seeks to enforce the FAA, not the CAA, which would strip Plaintiff of its right to seek judicial review; and (4) the arbitration agreement was procedurally unconscionable. *See* Opp. at 3–7.

To start, Plaintiff's contention of unconscionability is meritless. Plaintiff argues that the parties' legal services agreement was procedurally unconscionable because Defendant "presented its pre-drafted agreement when [Plaintiff] needed substitute counsel in an already-pending, high-stakes federal copyright action." Mot. at 6. Therefore, Plaintiff lacked a "meaningful opportunity"

United States District Court
Northern District of California

to negotiate the arbitration clause. Mot. at 6. This argument fails for two independent reasons. First, invalidating a contract requires a showing of "***[b]oth*** procedural and substantive unconscionability . . . ." *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 125 (2019) (emphasis added). But Plaintiff only lodges a procedural challenge. *See* Opp. at 6–7. Second, there is no evidence of procedural unconscionability. Plaintiff's CEO declared that he read the arbitration agreement. *See* ECF No. 37-1 ¶ 6. And there is no evidence that Plaintiff lacked meaningful choice in entering the contract. To the contrary, the agreement expressly provided that Plaintiff was encouraged to engage independent counsel to review the arbitration clause and that Plaintiff could reject the arbitration clause. *See* ECF No. 36-2 at 8 ("If you do not agree to use of ADR, simply line-out the paragraph immediately below . . . . [Y]ou are advised that you have the right to have an independent lawyer of your choice review the arbitration provisions . . . and you are encouraged to do so.").

Plaintiff concedes that the arbitration clause encompasses the claims in this case. *See* Opp. at 3 ("LIVN does not dispute that the claims fall within the engagement's broad arbitration clause."). Nevertheless, Plaintiff argues that Defendant seeks to supplant the arbitration clause as written (which memorializes the CAA's process) with the FAA's process, which would deprive Plaintiff of its right to judicial review. *See* Opp. at 3–4. But Defendant does no such thing. To the contrary, Defendant requests arbitration "in accordance with the parties' arbitration agreement." Mot. at 1.

For the same reason, the Court declines Plaintiff's alternative request to "decline to sever the review safeguard if [Defendant] contends it cannot be enforced." Mot. at 7. That request asks this Court to resolve an unripe, hypothetical breach of contract dispute. Plaintiff falls well short of showing that such conjectural, forward-looking relief is appropriate.

Lastly, Plaintiff shoehorns a request that the Court "require" Defendant to either "waive arbitration" or "advance" on Plaintiff's behalf any arbitration fees that Plaintiff cannot afford. Mot. at 8–9. That request is denied as borderline frivolous and having no basis in law.

United States District Court
Northern District of California

For the foregoing reasons, the motion to compel arbitration is GRANTED. This action SHALL be stayed while arbitration pends without prejudice to either party to seek to lift the stay as appropriate. Starting February 1, 2027, the parties SHALL file a joint status report apprising the Court of the status of the arbitration every 60 days.

**IT IS SO ORDERED.**

Dated: November 20, 2026

BETH LABSON FREEMAN
United States District Judge